[No. 5039.]

# JOHN DOMINGOS v. BOARD OF SUPERVISORS OF THE COUNTY OF SACRAMENTO.

PAY OF SUPERVISOR.—A member of a board of supervisors cannot be interested in or receive pay for work done on any contract growing out of or connected with public works or improvements.

EFFECT OF AN ACT OF THE LEGISLATURE.—If a claim against a county is barred by the Statute of Limitations, and the legislature passes an act requiring the board of supervisors to act upon and reject or allow it, notwithstanding the bar of the statute, the act does not have the effect of legalizing the claim, if it is illegal.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

From 1868, up to 1872, the plaintiff was a member of the board of supervisors of the county of Sacramento. The county was engaged in the excavation of a drainage canal through the low lands leading into the Sacramento river. The plaintiff, up to 1872, had ·been in the habit of superintending the work on the canal, and had received pay from the county for his services. In the last-named year he presented a bill for $427, which was rejected by the board on the ground that he was a member of the board, and could not receive any pay for services, except his salary as supervisor, which was one hundred dollars per month. The legislature passed an act which was approved March 25, 1874, by which the board of supervisors was authorized and required, notwithstanding the lapse of legal time, to examine and act upon and allow or reject the claim of the plaintiff, and requiring the auditor, if the claim was allowed, to audit the same. The plaintiff, immediately after the passage of the act, presented his claim, and it was rejected on the fifth day of May. On the fifteenth day of June thereafter this suit was commenced. The court gave judgment for the plaintiff, and the defendant appealed.

C. T. Jones, District Attorney, for the appellant, argued that the plaintiff could not contract to receive pay for his services, and that the claim was barred because not presented for allowance within one year after the· last item ac-

crued, as required by section 4072 of the Political Code, and section 1207 of Hittell's Digest, as the legislature had no power to remove the disability created by the Statute of Limitations; and, on the last point, cited 10 Wend., 363, and Cooley on Limitations, pp. 364–5.

*Grove L. Johnson*, for respondent, argued that the act of 1874 removed all disabilities, and that the disability having been created by statute, could be dispensed with by statute.

By the COURT:

Assuming in favor of the plaintiff that the act of March 25, 1874, removed the bar against the claim of the plaintiff, arising by lapse of time and failure to present the same, it did nothing more than that.

The board were still, under the provisions of that act, to allow or reject the claim, as in other cases, and in determining its validity, they were referred to the general statutes upon the subject. Among these were the act of March 20, 1855, and the amendment approved April 29, 1857, providing that no member of the board of supervisors should be interested in any contract growing out of, or connected with public works or improvements, or other purposes.

Judgment and order denying a new trial reversed, and cause remanded.